FILED
CLERK
8/27/2026 4:25 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
NATALIE WHITE,

Plaintiff,

- against -

CITY OF LONG BEACH, COMPTROLLER INNA RESNICK (in her official and personal capacity), and CITY MANAGER DONNA GRAYDEN (in her official and personal capacity),

Defendants.
----------------------------------------------------------------X

**MEMORANDUM AND ORDER**

Civil Action
No. 22-5628 (GRB)(ARL)

**GARY R. BROWN, United States District Judge**:

Presently before the Court is a motion for judgment on the pleadings pursuant to Rule 12 of the Federal Rules of Civil Procedure filed by defendants City of Long Beach, Inna Resnick and Donna Grayden (collectively, "defendants"). Docket Entry ("DE") 45. Defendants argue that plaintiff Natalie White's ("plaintiff") sole remaining claim – an alleged equal protection violation brought under 42 U.S.C. § 1983 – is barred by the doctrines of res judicata and collateral estoppel because the New York State Division of Human Rights ("NYSDHR") previously determined that no probable cause existed to believe that defendants acted with any discriminatory animus. For the reasons stated herein, defendants' motion is GRANTED.

**Factual Background**

Plaintiff, an African American woman, alleges that defendants discriminated against her based on her race when they denied her a promotion – instead promoting a less-qualified white woman – and required her to work in-person during the COVID-19 pandemic while her white colleagues were permitted to work from home. *See* DE 27 ¶¶ 16, 18-25, 29. On April 20, 2020,

after plaintiff lodged complaints about the allegedly discriminatory treatment, the City of Long Beach informed plaintiff that she would be terminated on May 21, 2020. *Id.* ¶ 43.

On September 7, 2021, plaintiff, represented by the law offices of Frederick K. Brewington, filed a complaint with the NYSDHR against defendants alleging race discrimination in violation of the New York State Human Rights Law. *Id.* ¶ 10; DE 45-2. On October 15, 2021, defendants filed their Answer and Position Statement accompanied by affidavits from plaintiff's union president, John Mooney, City Comptroller Inna Resnick and Robin Lynch, Secretary to the Civil Service Commission. *See* DE 45-3; 45-4; 45-5; 45-6; and 45-7. Plaintiff's counsel then filed a 10-page rebuttal brief, DE 45-8, responding to the affidavits and defendants' arguments. *See id.* Plaintiff also provided documentary evidence, including an email from Resnick and text messages from Mooney, that purportedly supported her claims. *See id.* In one text message, Mooney purportedly characterized defendants Grayden and Resnick as "racist lying shitbags." *Id.* at 16.

On January 27, 2022, plaintiff's counsel emailed the NYSDHR investigator seeking leave to supplement her papers with witness affidavits, which was granted. DE 45-10 and 45-11. On February 17, 2022, the investigator followed up with plaintiff's counsel as to whether the prior referenced affidavits would be submitted, but on February 22, 2022, plaintiff's counsel informed the investigator that they would not be submitting additional evidence. DE 45-12 and 45-13.

On March 17, 2022, the investigator interviewed plaintiff – who was joined by her counsel – via telephone. DE 45-16. On April 5, 2022, following additional investigation, the NYSDHR Regional Director issued a Determination and Order that "there is NO PROBABLE CAUSE to believe that the respondents have engaged in or are engaging in the unlawful discriminatory practice complained of." DE 45-20 (emphasis in original). The Determination

and Order also advised plaintiff of her appellate rights, but she did not avail herself of that process. *Id.*

Plaintiff commenced the instant action on September 20, 2022, alleging several causes of action sounding in race, gender and disability discrimination as well as retaliation. *See* DE 1. After a lengthy procedural history, plaintiff filed the operative Third Amended Complaint on April 11, 2024. DE 27. On July 8, 2024, following oral argument on defendants' motion to dismiss the Third Amended Complaint, the Court dismissed all of plaintiff's claims except her third cause of action, which alleges a violation of equal protection under 42 U.S.C. § 1983 based on racial discrimination. Defendants then filed their Answer to the Third Amended Complaint on July 18, 2024, asserting collateral estoppel and res judicata as their fourth affirmative defense. DE 33 ¶ 99.

Defendants now move for judgment on the pleadings, arguing that the NYSDHR's "no probable cause" determination precludes plaintiff's third cause of action. This opinion follows.

## Discussion

### I. *Standard of Review*

"A court may dismiss a claim on res judicata or collateral estoppel grounds on a motion to dismiss, a motion for judgment on the pleadings, or a motion for summary judgment." *Swiatkowski v. Citibank*, 745 F. Supp. 2d 150, 168 (S.D.N.Y. Oct. 7, 2010). "In deciding a Rule 12(c) motion, we employ[ ] the same . . . standard applicable to dismissals pursuant to [Rule] 12(b)(6). Thus, we will accept all factual allegations in the [C]omplaint as true and draw all reasonable inferences in [Plaintiff's] favor." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419 (2d Cir. 2011).

Plaintiff asserts, without relevant authority, that because defendants submitted 20 exhibits from the NYSDHR record along with their motion, defendants' motion must be converted to one for summary judgment, and thus plaintiff must be afforded the right to conduct discovery. Not so.

"[C]ourts may take judicial notice of the records of state administrative procedures, as these are public records, without converting a motion to dismiss to one for summary judgment." *Certified Collision Experts, Inc. v. Town of Babylon*, No. 23-CV-08524 (JMA) (LGD), 2024 WL 4904161 at *4 (E.D.N.Y. Nov. 27, 2024), *appeal dismissed sub nom. Certified Collision Experts, Inc. v. Town of Babylon, NY*, No. 25-202, 2025 WL 4090982 (2d Cir. Aug. 15, 2025). The exhibits appended to defendants' motion are public records, accessed by defendants through a FOIL request. Accordingly, the Court will take judicial notice of the NYSDHR record and decide defendants' motion without converting it to a motion for summary judgment.

## II. *Collateral Estoppel*

The Supreme Court has held that "when a state agency acting in a judicial capacity resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, federal courts must give the agency's factfinding the same preclusive effect to which it would be entitled in the State's courts." *University of Tennessee v. Elliott,* 478 U.S. 788, 799 (1986) (internal quotations and citation omitted). Thus, "it is beyond dispute that the NYSDHR has the authority to adjudicate disputes regarding employment discrimination and come to binding determinations with respect to those disputes." *Johnson v. Cnty. of Nassau*, 411 F. Supp. 2d 171, 180 (E.D.N.Y. 2006).

The Second Circuit, in *Kosakow v. New Rochelle Radiology Assocs., P.C.*, set forth the two elements of collateral estoppel that must be satisfied before a NYSDHR determination is

given preclusive effect. First, "there must be an 'identity of issue which has necessarily been decided in the prior action and is decisive of the present action,'" and second, "the party to be estopped must have had a 'full and fair opportunity to contest the decision now said to be controlling.'" *Kosakow v. New Rochelle Radiology Assocs., P.C.*, 274 F.3d 706, 730 (2d Cir. 2001) (quoting *Schwartz v. Public Adm'r,* 24 N.Y.2d 65, 71 (1969)). "The burden of proving identity of the issue rests on the proponent of collateral estoppel, while the opponent bears the burden of proving that he or she did not have a full and fair opportunity to litigate the issue." *Id.* It is undisputed that the identity of issue prong of the analysis is satisfied, so the only remaining question is whether plaintiff has demonstrated that she did not have a full and fair opportunity to litigate before the NYSDHR. *See* DE 45-23 at 18 (plaintiff admitting in her opposition papers that she "does not contend the unlawful employment discrimination in the NYSDHR charges are any different than the issues stated in the Third Amended Complaint.").

In determining whether a party had a full and fair opportunity to litigate the issue, the Second Circuit has instructed district courts to consider several factors, including "the size of the claim, the forum of the prior litigation, the use of initiative, the extent of the litigation, the competence and experience of counsel, the availability of new evidence, indications of a compromise verdict, differences in the applicable law and foreseeability of future litigation." *Kosakow*, 274 F.3d at 734 (internal quotations and citation omitted).

To satisfy her burden, plaintiff essentially argues that she could not possibly have had a full and fair opportunity to litigate because she was not afforded a hearing at which her counsel could have fully developed a factual record. *See id.* at 735 (noting that "it cannot be ignored that the [NYS]DHR makes factual conclusions based on a record that is far less developed than that

before a federal court."). Plaintiff asserts that had her counsel confronted witnesses with the "fire of cross-examination," plaintiff would have fared better at the NYSDHR. DE 45-23 at 20.

However, "the absence of a hearing will not render a NYSDHR determination inadequate where the plaintiff was otherwise given a full opportunity to present [her] case and rebut evidence submitted by respondent[s]." *Johnson*, 411 F. Supp. 2d at 182. In fact, "the critical and often determinative question" in a collateral estoppel analysis is whether the plaintiff was advised by counsel before filing a complaint with the NYSDHR. *Skates v. Inc. Vill. of Freeport*, No. 15-CV-1136 (SJF) (AYS), 2016 WL 1459659 (E.D.N.Y. Jan. 28, 2016), *report and recommendation adopted*, 2016 WL 1452391 (E.D.N.Y. Apr. 12, 2016). The Second Circuit's decision in *Kosakow* reinforces this principle.

The Court of Appeals in *Kosakow* emphasized that the plaintiff's pro se status hindered her from fully litigating her claim. The Circuit found that the plaintiff was not collaterally estopped from litigating her claims in federal court following a "no probable cause" determination at the NYSDHR largely because "she could not have been expected or able to frame her evidence within the context of the specific legal issues[,] [n]or would she necessarily have known what facts were most relevant or persuasive in proving her case." *Kosakow*, 274 F.3d at 736. Furthermore, the panel pointed out that because the plaintiff was acting pro se, "her understanding of the implications of her decision [to litigate at the NYSDHR] should not be cavalierly assumed." *Id.* at 735.

Much to the contrary, plaintiff here was represented by the law offices of Frederick K. Brewington before the NYSDHR, the same firm that represents her in this action. Plaintiff's counsel (1) filed a complaint with the NYSDHR; (2) filed a 10-page, single-spaced rebuttal brief; (3) was permitted, but declined, to submit supplemental affidavits; and (4) accompanied plaintiff

while she was interviewed by the NYSDHR investigator. *See* DE 45-8, DE 45-10, DE 45-11, DE 45-12, DE 45-13 and DE 45-16. Review of these materials demonstrates that counsel's efforts at the NYSDHR were substantial and reveals that plaintiff's counsel advocated steadfastly for her – albeit through written submissions only. Plaintiff, with the assistance of experienced counsel, had more than ample opportunity to fully present her case. Indeed, plaintiff's decision to forego the submission of affidavits to the NYSDHR, even though afforded the opportunity, significantly undercuts her position. Thus, as Judge Hurley found in *Johnson*, "although the NYSDHR investigation may not have afforded [p]laintiff the full panoply of procedures that are available to litigants in a civil action, the New York Court of Appeals has made clear that this fact alone is insufficient to make collateral estoppel inapplicable." 411 F. Supp. 2d at 183 (citing *Jeffreys v. Griffin,* 1 N.Y.3d 34, 42 (2003)).

Plaintiff attempts to distinguish *Johnson* by arguing that the plaintiff in that case did not explain how a hearing would have changed the determination of the NYSDHR. Plaintiff posits that had her counsel been permitted to confront John Mooney – plaintiff's union president – with text messages wherein he wrote that defendants were "racist lying shitbags," the outcome of the NYSDHR proceeding would have been different. DE 45-8 at 16. But this is not newly discovered evidence. Plaintiff provided the text messages to the NYSDHR, and provided argument concerning their significance, which was available for the NYSDHR to consider. DE 45-8.

Plaintiff's emphasis on the fact that the NYSDHR determination was unreviewed by a state court is misplaced because, "under appropriate circumstances, *unreviewed* state administrative proceedings may be given preclusive effect in federal court with regard to the Civil Rights statutes." *Johnson*, 411 F. Supp. at 180 (citing *Univ. of Tennessee v. Elliott*, 478

U.S. 788, 797-98 (1986)); *see also Robbins v. Candy Digital Inc.*, No. 23-CV-10619 (LJL), 2025 WL 2391039 at *9 (S.D.N.Y. Aug. 18, 2025) ("even an unreviewed [NYS]DHR determination of no probable cause is to be given preclusive effect in a follow-on federal case as long as principles of issue preclusion or collateral estoppel would apply under the relevant state law.") (citing *Kosakow*, 274 F.3d at 730). Here, where plaintiff's counsel provided her exemplary representation before the NYSDHR, plaintiff cannot have her second bite at the apple in a federal forum.

Other factors weigh in favor of preclusion as well. In email correspondence with plaintiff's counsel, the NYSDHR investigator proposed an administrative convenience dismissal to permit plaintiff to "go to court based on her allegations." DE 45-21. Having foregone that procedural device, plaintiff plainly elected the NYSDHR as the forum in which to litigate her claim. There is also no indication that the NYSDHR's determination was a "compromise verdict."

Accordingly, because plaintiff has not satisfied her burden of demonstrating that she did not have a full and fair opportunity to litigate before the NYSDHR, her sole remaining claim is precluded by collateral estoppel.

## III. *Res Judicata*

Even if plaintiff's sole remaining claim was not precluded by collateral estoppel, "[t]he preclusive effect of *res judicata* is broader than that of collateral estoppel," and would similarly preclude plaintiff's claim. *Caldwell v. Gutman, Mintz, Baker & Sonnenfeldt, P.C.*, 701 F. Supp. 2d 340, 351 (E.D.N.Y. 2010) (Bianco, J.).

"Res judicata bars re-litigation if (1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; [and] (3) the

claims asserted in the subsequent action were, or could have been, raised in the prior action." *Soules v. Connecticut*, 882 F.3d 52, 55 (2d Cir. 2018) (internal quotations and citation omitted). "New York courts have adopted a 'transactional analysis approach' to res judicata issues," meaning that "a claim will be barred by a determination in an earlier action if both causes of action are grounded on the same gravamen or are part of the same 'factual grouping,' even if the later claim is brought under a different legal theory of recovery." *Chung v. Honor Emergency Fund of Fire Dep't of City of New York*, No. 23-CV-05716 (LDH) (CLP), 2025 WL 964059 at *3 (E.D.N.Y. Mar. 31, 2025) (quoting *Kirkland v. City of Peekskill*, 828 F.2d 104, 110 (2d Cir. 1987)). "As relevant here, the NYSDHR has the authority to adjudicate and issue binding determinations regarding employment discrimination disputes," and "federal courts have afforded a preclusive effect to the NYSDHR's no probable cause determinations when federal and state claims arise from the same facts and involve the same parties." *Id.* (applying res judicata to a NYSDHR "no probable cause" determination).

It is undisputed that plaintiff's claim in the instant action arises from the same "factual grouping" that formed the basis for plaintiff's complaint before the NYSDHR. *See* DE 45-23 at 18. Moreover, the parties in this action are the same as the parties in the action before the NYSDHR.[1] Accordingly, even if plaintiff's claim was not barred by the narrower collateral estoppel doctrine, her claim is also barred by res judicata.

---

[1] While defendant Grayden was not named as a defendant in plaintiff's NYSDHR complaint, "res judicata applies to a case involving the same parties *or their privies*." *Chase Manhattan Bank, N.A. v. Celotex Corp.*, 56 F.3d 343, 346 (2d Cir. 1995) (emphasis added). Grayden is sued in her official and personal capacities as manager of the City of Long Beach – which was named as a defendant at the NYSDHR – and "[g]overnment officials sued in their official capacities are generally considered to be in privity with the government entity that they serve." *Smith v. City of New York*, 130 F. Supp. 3d 819, 828 (S.D.N.Y. 2015), *aff'd*, 664 F. App'x 45 (2d Cir. 2016).

## Conclusion

For the reasons set forth above, defendant's motion for judgment on the pleadings is GRANTED.

**SO ORDERED.**

Dated: Central Islip, New York
August 27, 2026

*/s/ Gary R. Brown*
GARY R. BROWN
United States District Judge